JUDGE FAILLA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

14 CV 676

IVICA ABRAMOVIC; individually and on behalf of all other persons similarly situated,

        Plaintiffs,

- against -

DA SILVANO CORP., SILVANO MARCHETTO, and any other related entities,

        Defendants.

**Index No.:**

**CLASS ACTION COMPLAINT**

**Jury Trial**



RECEIVED FEB 03 2014 U.S.D.C. S.D.N.Y. CASHIERS

Plaintiffs, by their attorneys, Leeds Brown Law, P.C., and Virginia & Ambinder, LLP, allege upon knowledge to themselves and upon information and belief as to all other matters as follows:

## PRELIMINARY STATEMENT

1. This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206 and 216(b); New York Labor Law § 650 *et seq*; New York Labor Law ("NYLL") Article 6 § 190 *et seq.*, Part 146 of Title 12 of the Official Compilation of Codes, Rules, and Regulations of the State of New York ("NYCRR") §§ 146-1.2, 146-1.3, 146-1.6, and various other provisions, on behalf of Plaintiffs and a putative class of individuals who furnished labor to Defendants DA SILVANO CORP., SILVANO MARCHETTO, and any other related entities (collectively as "Defendants"), to recover unpaid wages, minimum wages, gratuities, and other statutorily required compensation for work performed on behalf of Defendants by Plaintiffs and other members of the putative class, including, but not limited to, servers, waiters, busboys, bartenders, and other customarily-tipped employees.

1

2. Beginning in approximately January 2008 and, upon information and belief, continuing through the present, Defendants engaged in a policy and practice of failing to pay Plaintiffs and others similarly situated individuals all wages, including minimum wages, for all hours worked.

3. Beginning in approximately January 2008, and continuing through the present, Defendants engaged in a policy and practice of reflecting fewer hours on employees' paystubs than those employees actually worked.

4. Beginning in approximately January 2008, and continuing through the present, Defendants have engaged in a policy and practice of paying its tipped employees a wage less than the minimum wage for non-tipped employees, without following the provisions of 29 U.S.C. § 203(m), which require that "all tips received by such employee[s] have been retained by the employee[s]."

5. Under the direction of the Corporate Defendants' officer and/or director SILVANO MARCHETTO, Defendants instituted these unlawful practices of depriving their employees of wages, including minimum wages, for all hours worked and wrongfully retaining earned gratuities, in violation of federal and state law.

6. The named Plaintiff has initiated this action seeking for himself and on behalf of all similarly situated current and former employees seeking underpayment of wages, gratuities that they were deprived of, plus liquidated damages, interest, attorneys' fees, and costs.

## JURISDICTION

7. Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. §216(b), and 28 U.S.C. §1331 and 1337. This court also has supplemental jurisdiction under 28 U.S.C. § 1367 of the claims brought under the New York Labor Law.

8.  The statute of limitations under the FLSA for a willful violation is three (3) years. *See* 29 U.S.C. § 255(a).

9.  The statute of limitations under the New York Labor Law is six (6) years. *See* New York Labor Law § 198(3).

## VENUE

10. Venue for this action in the Southern District of New York under 28 U.S.C. § 1391 (b) is appropriate because a substantial part of the events or omissions giving rise to the claims occurred in the Southern District of New York.

## PARTIES

11. Plaintiff IVICA ABRAMOVIC is an individual who is currently a resident of Queens County, and was employed by Defendants as a waiter from approximately April 2011 until October 2012.

12. Upon information and belief, Defendant DA SILVANO CORP., is a domestic limited liability company organized and existing under the laws of New York State with its principal place of business at 260 6th Ave., New York, NY 10014.

13. Upon information and belief, Defendant SILVANO MARCHETTO is an individual who is a resident of New York and at all relevant times was an officer, director, and/or owner of DA SILVANO CORP., and any other related entities.

14. SILVANO MARCHETTO, was an officer, director, and/or owner of the DA SILVANO CORP. and any other related entities, and (1) had the power to hire and fire employees for those entities, (2) supervised and controlled employee work schedules or conditions of employment for those entities, (3) determined the rate and method of payment for employees at those entities, and (4) maintained employment records for those entities.

3

15. Upon information and belief, SILVANO MARCHETTO, as the principal and owner of DA SILVANO CORP. and any other related entities, dominated the day-to-day operating decisions of any or all of those entities, and made major personnel decisions for any or all of those entities.

16. Upon information and belief, SILVANO MARCHETTO had complete control of the alleged activities of the Corporate Defendants, which give rise to the claims brought herein.

17. Upon information and belief, Defendants are engaged in the hospitality industry as that term is defined in 12 NYCRR § 146-3.1.

18. Upon information and belief, Defendants' annual gross volume of sales made or business done is not less than $500,000.

## CLASS ALLEGATIONS

19. This action is properly maintainable as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), and as a Class Action under Rule 23 of the Federal Rules of Civil Procedure.

20. This action is brought on behalf of Plaintiffs and a class consisting of similarly situated employees who worked for Defendants as wait staff, bus staff, bartenders, bar-backs, food runners, and other employees who customarily and regularly receive tips ("Service Employees").

21. The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be no less than 50 employees. In addition, the names of all potential members of the putative class are not known.

22. The questions of law and fact common to the putative class predominate over any questions affecting only individual members. These questions of law and fact include, but are not

limited to: (1) whether Defendants properly paid all of its Service Employees the statutory minimum wage for all hours worked; and (2) whether Defendants engaged in a policy and practice of retaining and withholding gratuities from Service Employees.

23. The claims of the Named Plaintiffs are typical of the claims of the putative class. The Plaintiffs and putative class were all subject to Defendants' policies and willful practices of failing to pay minimum wages for all hours worked, refusing to remit gratuities to Service Employees. The Plaintiff and putative class thus have sustained similar injuries as a result of the Defendants' actions.

24. Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.

25. Plaintiffs have retained counsel experienced in complex wage and hour class-action litigation.

26. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The individual Plaintiffs and putative class lack the financial resources to adequately prosecute separate lawsuits against Defendants. A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to Defendants' policies.

## FACTS

27. Upon information and belief, beginning in or about January 2008, Defendants employed numerous individuals to perform work related to Defendants' restaurant business in trades including wait staff, bussers, bartenders, barbacks, food runners, and in other related customarily-tipped trades (the "Service Employees").

28. Upon information and belief, Plaintiffs and all members of the putative class

constituted "employees" as that term is defined under 29 U.S.C. § 201 *et seq.*; New York Labor Law § 190 *et seq.*; and New York Labor Law § 650 *et seq.*, and case law interpreting same.

29. Upon information and belief, Defendants failed to pay Plaintiffs the statutory minimum wage for all hours worked.

30. Defendants retained a portion of the tips and gratuities that Plaintiffs received from customers – both cash and credit card.

## FIRST CAUSE OF ACTION: WITHOLDING OF GRATUITIES

31. Pursuant to New York Labor Law Article 6 § 196-d, and the supporting New York State Department of Labor Regulations, "No employer or his agent or an officer or agent of any corporation, or any other person shall demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee."

32. Plaintiffs and other members of the putative class are employees, within the meaning contemplated, pursuant to New York Labor Law Article 6 § 190(2) and the supporting New York State Department of Labor Regulations.

33. Pursuant to New York Labor Law § 190, the term "employee" means "any person employed for hire by an employer in any employment."

34. As persons employed for hire by Defendants, Plaintiffs and other members of the putative class action are "employees," as understood in Labor Law § 190.

35. Defendants are employers, within the meaning contemplated, pursuant to New York Labor Law Article 6 § 190(3) and the supporting New York State Department of Labor Regulations.

36. Pursuant to New York Labor Law § 190, the term "employer" includes "any person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business or service."

37. Pursuant to New York Labor Law § 190 and the cases interpreting same, SILVANO MARCHETTO is an "employer."

38. Gratuities provided by Defendants' patrons for the benefit of the Service Employees, who comprise the putative class, constitute "wages" as that term is defined under Article 6 of the New York Labor Law, specifically including but not limited to New York Labor Law §§ 193, 196-d, 198(3).

39. Defendants unlawfully withheld, and personally retained, portions of gratuities provided to Service Employees.

40. Plaintiff ABRAMOVIC was paid $5.00 per hour plus some portion of his tips.

41. During each shift, Plaintiff ABRAMOVIC was required to give approximately 10% of his cash and credit card tips to management.

42. Defendants therefore violated New York Labor Law Article 6 § 196-d and the supporting New York State Department of Labor Regulations by withholding, and personally retaining, portions of gratuities earned by Service Employees.

43. Upon information and belief, Defendants' violations of New York Labor Law Article 6 § 196-d and the supporting New York State Department of Labor Regulations was willful.

44. Upon information and belief, Defendants have failed to maintain records of tip sharing or tip pooling in accordance with 12 NYCRR 146-2.17.

45. Upon information and belief, Defendants have failed to follow other Department of Labor regulations, including 12 NYCRR 146 *et seq.*, relating to the retention, collection, and distribution of tips and gratuities.

46. By the foregoing reasons, Defendants have violated New York Labor Law Article 6 § 190 *et seq.* and the supporting New York State Department of Labor Regulations, and are liable to Plaintiff and other members of the putative class action in an amount to be determined at trial, plus interest, liquidated damages, attorneys' fees, and costs.

## SECOND CAUSE OF ACTION AGAINST DEFENDANTS: FLSA MINIMUM WAGE COMPENSATION

47. Pursuant to 29 U.S.C. § 206, "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: (1) except as otherwise provided in this section, not less than -- (A) $5.85 an hour, beginning on the 60th day after May 25, 2007; (B) $6.55 an hour, beginning 12 months after that 60th day; and (C) $7.25 an hour, beginning 24 months after that 60th day [July 24, 2009]."

48. Defendants are employers, within the meaning contemplated under U.S.C. § 203(d).

49. Pursuant to 29 U.S.C. § 203(d) and the cases interpreting the same, SILVANO MARCHETTO is an "employer" for the purpose of FLSA and, consequently, is liable for violations of FLSA.

50. Plaintiffs and other members of the putative collective action are employees, within the meaning contemplated, pursuant to 29 U.S.C. § 203(e).

51. Plaintiffs and other members of the putative collective action, during all relevant times, engaged in commerce or in the production of goods for commerce, or were employed in an enterprise engaged in commerce or in the production of goods for commerce.

52. None of the exemptions of 29 U.S.C. § 213 applies to Plaintiff or other similarly situated employees.

53. Upon information and belief, Defendants violated the FLSA by failing to pay Plaintiff and other members of the putative collective action minimum wage for all hours worked.

54. Pursuant to 29 U.S.C. § 203(m), a "tip credit" against the minimum wage may only be taken against the minimum wage where "all tips received by such employee have been retained by the employee, except [for] the pooling of tips among employees who customarily and regularly receive tips."

55. Defendants required tipped employees to share tips with managers who do not "customarily and regularly receive tips."

56. Defendants illegally claimed a tip credit against the minimum wage for its tipped employees, when such a credit was not legally permissible.

57. Upon information and belief, the failure of Defendants to pay Plaintiffs and other members of the putative collective action their rightfully-owed wage was willful.

58. By the foregoing reasons, Defendants are liable to Plaintiffs and members of the putative collective action in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest and attorneys' fees and costs.

### THIRD CAUSE OF ACTION AGAINST DEFENDANTS: NEW YORK MINIMUM WAGE COMPENSATION

59. Pursuant to Article Six of the New York Labor Law, workers, such as the Named Plaintiff and other Service Employee members of the putative class, are protected from wage underpayments and improper employment practices.

60. Pursuant to New York Labor Law Article 19 § 652, "Every employer shall pay to each of its employees for each hour worked a wage of not less than ... $5.15 on and after March 31, 2000, $6.00 on and after January 1, 2005, $6.75 on and after January 1, 2006, $7.15 on and after January 1, 2007, or, if greater, such other wage as may be established by federal law pursuant to 29 U.S.C. section 206 or its successors, or such other wage as may be established in accordance with the provisions of this article."

61. Defendants are employers, within the meaning contemplated, pursuant to New York Labor Law Article 19 § 651(6) and the supporting New York State Department of Labor Regulations.

62. SILVANO MARCHETTO is an employer, within the meaning contemplated, pursuant to New York Labor Law Article 19 § 651(6) and the supporting New York State Department of Labor Regulations.

63. The Named Plaintiff and other members of the putative class are employees, within the meaning contemplated, pursuant to New York Labor Law Article 19 § 651(5) and the supporting New York State Department of Labor Regulations.

64. Upon information and belief, Defendants violated New York Labor Law Article 19 § 650, *et seq.* and the supporting New York State Department of Labor Regulations by failing to pay the Named Plaintiffs and other members of the putative class wages, including minimum wages, for all hours worked in any given week.

65. Upon information and belief, the failure of Defendants to pay the Named Plaintiff and other members of the putative class their rightfully owed wages was willful.

66. New York Labor Law Article 19 § 663, provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorneys' fees."

67. By the foregoing reasons, Defendants have violated New York Labor Law Article 19 §650 *et seq.* and the supporting New York State Department of Labor Regulations, and are liable to the Named Plaintiff and other members of the putative class in an amount to be determined at trial, plus interest, attorneys' fees and costs.

## FOURTH CAUSE OF ACTION: NYLL SPREAD OF HOURS

101. Defendants are engaged in the operations of a restaurant governed by the Hospitality wage order NYCRR 146.

102. 12 NYCRR § 146-1.6 provides that "[o]n each day on which the spread of hours exceeds 10, an employee shall receive one additional hour of pay at the basic minimum hourly rate."

103. Plaintiff and upon information and belief, other members of the putative class, were not paid an additional hour's pay at the basic minimum hourly wage rate when they worked more than 10 hours in a day.

104. Consequently, by failing to pay Plaintiffs and other members of the putative class an additional hour's pay at the basic minimum hourly wage rate they worked more than 10 hours in a day, Defendants violated 12 NYCRR § 146-1.6.

105. Upon information and belief, Defendants' failure to pay spread of hours

compensation to the named Plaintiff and other members of the putative class was willful.

106. By the foregoing reasons, Defendants have violated 12 NYCRR § 146-1.6 and are liable to the named Plaintiff and other members of the putative class in an amount to be determined at trial, damages, interest, and attorneys' fees and costs.

### FIFTH CAUSE OF ACTION:
### FAILURE TO PROVIDE WAGE NOTICE

68. Named Plaintiff, and those individuals similarly situated, upon information and belief, are employees within the meaning contemplated, pursuant to New York Labor Law Article 19 § 651(5) and the supporting New York State Department of Labor Regulations, including 12 NYCRR Parts 146.

69. NYLL § 195(1) requires an employer such as Defendants, at commencement of employment and February of every year, to "provide his or her employees, in writing in English and in the language identified by each employee as the primary language of such employee, ... a notice containing ... the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances."

70. NYLL § 195(3) requires an employer such as Defendants to "furnish each employee with a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages. For all employees who are not exempt from overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by New York state law or regulation, the statement shall include the

regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked . . . ."

71. Named Plaintiff, and upon information and belief other members of the putative class, did not receive the required yearly wage notice or required weekly wage statements pursuant to NYLL § 195 and the supporting regulations including 12 NYCRR Part 146.

72. By the foregoing reasons, Defendants have violated NYLL § 195 and the implementing regulations and are liable to the named Plaintiff and other members of the putative class for the penalties set forth in Labor Law § 198, interest, attorneys' fees, and the costs and disbursements of this action.

**WHEREFORE**, Plaintiff, individually, and on behalf of all other persons similarly situated who were employed by Defendants and/or any other entities affiliated with or controlled by the Defendants demand judgment:

(1) on their first cause of action, against Defendants in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs;

(2) on their second cause of action, against Defendants in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs;

(3) on their third cause of action, against Defendants in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs;

(4) on their fourth cause of action, against Defendants in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs;

(5) on their fifth cause of action, against Defendants in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs; and

(6)     such other and further relief as the Court may deem just and proper.

Dated: New York, New York
January 29, 2014

        VIRGINIA & AMBINDER, LLP

        BY: _____
        Lloyd R. Ambinder, Esq.
        Suzanne B. Leeds, Esq.
        111 Broadway, 14th Floor
        New York, New York 10006
        (212) 943-9080

        LEEDS BROWN LAW, P.C.
        Jeffrey K. Brown, Esq.
        Michael A. Tompkins, Esq.
        1 Old Country Road
        Carle Place, NY 11514
        (516) 873-9550

        *Attorneys for Plaintiffs and the Putative Class*