USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: July 11, 2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------

IVICA ABRAMOVIC; individually and on behalf of all other
persons similarly situated,

                                        Plaintiff,

                -against-

DA SILVANO CORP., SILVANO MARCHETTO, and any
other related entities,

                                        Defendants.

-------------------------------------------------

Civil Action No. 14 CV 676

Failla, J.

## STIPULATION TO AMEND NEGOTIATED SETTLEMENT AGREEMENT

WHEREAS the parties entered into a Negotiated Settlement Agreement ("Agreement") to settle this Fair Labor Standards Act ("FLSA") and New York Labor Law matter;

WHEREAS the parties entered into an Agreement on or about June 12, 2013 that contained provisions requiring the parties to keep the terms of the settlement confidential; and,

WHEREAS the Court has indicated it will not supervise the settlement within the meaning of *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982), the Agreement includes such confidentiality provisions;

IT IS NOW THEREFORE AGREED:

1.      The Agreement is approved as attached hereto, with the sole modification that Paragraph 13 is stricken from the Agreement and is deemed a nullity; and,

2.      Plaintiffs and their counsel shall not publicize the settlement.

VIRGINIA & AMBINDER
*ATTORNEYS FOR PLAINTIFF*
111 Broadway, 14th Floor
New York, New York 10006
(212) 943-9080

By: _____
    Alison L. Genova, Esq.

JACKSON LEWIS P.C.
*ATTORNEYS FOR DEFENDANTS*
58 South Service Road, Suite 410
Melville, New York 11747
(631) 247-4605

By: _____
    Paul J. Siegel, Esq.
    John J. Porta, Esq.

Dated: __7/8/14__                    Dated: _____


LEEDS BROWN LAW, P.C.
*ATTORNEYS FOR PLAINTIFF*
1 Old Country Road
Carle Place, New York 11514
(516) 873-9550

By: _____
     Michael A. Tompkins, Esq.


Dated: __7/8/2014__


SO ORDERED on this 11th day of July ____, 2014

_____
United States District Judge
Hon. Katherine Polk Failla

4838-0897-6412, v. 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x

IVICA ABRAMOVIC, individually and on
behalf of all other persons similarly situated,

                       Plaintiffs,

           -against-                 Civil Action No.: 14-CV-676

DA SILVANO CORP., SILVANO
MARCHETTO, and any other related
entities,

                    Defendants.

----------------------------------------------------------------x

## NEGOTIATED SETTLEMENT AGREEMENT

        WHEREAS, Plaintiff Ivica Abramovic ("Named Plaintiff"), Opt-in Plaintiffs

Pascuale Piccirillo and Marcello Piccirillo ("Opt-In Plaintiffs") and Da Silvano Corp., and

Silvano Marchetto ("Defendants") desire to resolve, settle and agree to dismissal with prejudice

of all claims and all issues that were or which could have been raised in or by the Complaint in

this action, styled "Ivica Abramovic, individually and on behalf of all other persons similarly

situated v. Da Silvano Corp., Silvano Marchetto and any other related entities," assigned Civil

Action No. 14-CV-676, as well as the proceeding captioned "Ivica Abramovic v. Da Silvano

Restaurant" assigned administrative case no. 10168827 with the New York State Division of

Human Rights and cross-filed with the Equal Employment Opportunity Commission bearing

Charge No. 16GB402976 ("Administrative Action"), without further litigation or adjudication,

and to preclude all further or additional claims which the Named and Opt-In Plaintiffs

(including, but not limited to, any present or former spouses, dependents, heirs, counsel,

executors, successors, agents, assigns or representatives of the Named and Opt-In Plaintiffs

referred to collectively herein as "Plaintiffs") have made or could make in any action, arising up to and as of the date of the execution of this Agreement;

WHEREAS, Plaintiffs and Defendant understand and agree that Defendants in this litigation and Plaintiff Abramovic's Administrative Action (which includes, but is not limited to, the above-captioned entities and individual, any present or former parent corporation[s], subsidiaries, divisions, affiliated entities, acquiring entities, purchasers of assets or stock, investors, joint ventures, shareholders, successors, counsel, assigns, insurers, administrators, executors, owners, officers, partners, directors, agents, representatives or employees thereof and any present or former spouse, dependents, counsel, heirs, executors, successors, agents, assigns or representatives, personally and as otherwise might relate to them, who collectively are referred to throughout this Agreement as "Defendants"), deny each and every allegation of wrongdoing, including, but not limited to, the allegations and statements contained in the pleadings, in any administrative charge and in any other document or statement whatsoever;

WHEREAS, Plaintiffs and Defendants (Plaintiffs and Defendants collectively are referred to herein as "the Parties") understand and agree that neither the making of this Agreement nor anything contained herein shall be construed or considered in any way to be an admission by Defendants of guilt or noncompliance with federal, state, or local statute, order, regulation or ordinance, public policy, tort (whether intentional, negligent or otherwise), contract (whether oral or written, express or implied), common law, Defendants' policies, practices or procedures or of any other wrongdoing whatsoever; and,

2

WHEREAS, this action and Plaintiff Abramovic's Administrative Action shall be dismissed in its entirety and with prejudice by the Court and administrative agencies subject to the terms of Plaintiffs' and Defendants' stipulation:

NOW, THEREFORE, IT IS STIPULATED AND AGREED BY AND BETWEEN THE PARTIES that:

1.      **Plaintiffs' Commitments.**

a.      In exchange for the promises made by Defendants in paragraph "4" below, Plaintiffs agree to execute this document, and authorize Plaintiffs' counsel to execute and provide Defendants' counsel with the executed Stipulation and Order of Dismissal appended hereto as Exhibit "B" along with any documents and information needed to settle, dismiss and withdraw, with prejudice, any and all complaints, suits, actions, charges, claims or proceedings against Defendants relative to any cause or matter existing as of the date of the execution of this Agreement.  In the event any class or collective action is brought against Defendants which includes or may include Plaintiffs, Plaintiffs immediately shall withdraw therefrom without obtaining or accepting any relief or recovery upon Plaintiffs' learning of Plaintiffs' inclusion, or Plaintiffs will be in breach hereof.

b.      Additionally, Plaintiff Abramovic will execute all documents that may be needed to settle, waive, dismiss and withdraw, finally and with prejudice, the Administrative Action, and any and all complaints, grievances, suits, actions, charges, claims or proceedings (referred to as the "claims") against Defendants relative to any matter of any kind whatsoever existing as of the date of the execution of this Agreement.  Appended hereto as Exhibit "C" is the letter Plaintiff Abramovic agrees to submit to the NYSDHR.  Based upon such documents, an order of final dismissal with prejudice shall be entered upon presentation

3

thereof to any court of competent jurisdiction or to any agency or other forum where any claim is made or any relief or recovery is sought by, relating to, or in behalf of Plaintiff Abramovic. Plaintiff Abramovic affirms that any and all payments made hereunder are contingent upon full and final dismissal of the Administrative Action.

2.   **No Further Employment/No Further Access.**

(a)   Plaintiffs no longer are employed by any Defendant as of the date the Stipulation and Order of Dismissal is So Ordered by the Court. Each do not wish to be considered for employment by Defendants, or with any business or venue associated with Defendants, and hereby waive any right that they may have to return to their former employment or to apply for employment at any time with Defendants, or with any business or venue associated with Defendants;

(b)   As former employees who do not wish to interact with Defendants, Plaintiffs agree not to visit the premises of any Defendant, or any other business or venue associated with the Defendants, whether as a guest, patron, invitee or in any other capacity. Should any such Plaintiff wittingly or unwittingly enter onto the premises of any business or venue associated with any Defendant, upon request such Plaintiff promptly shall immediately vacate the premises.

3.   **General and Unlimited Release of Claims.** Plaintiffs knowingly and voluntarily release and forever discharge Defendants of and from any and all claims arising up to and as of the date of this Agreement, both known and unknown, which Plaintiffs have or may have against Defendants, including, but not limited to, any alleged violation of: Title VII of the Civil Rights Act of 1964; The Civil Rights Act of 1991; The Age Discrimination in Employment Act; Sections 1981 through 1988 of Title 42 of the United States Code; The Equal Pay Act; The

4

Employee Retirement Income Security Act of 1974; The Immigration Reform and Control Act; The Consolidated Omnibus Budget Reconciliation Act; The Americans with Disabilities Act of 1990; The Fair Labor Standards Act; The Fair Credit Reporting Act; The Sarbanes Oxley Act; The Occupational Safety and Health Act; The New York Corrections Law, including Sections 750-755 thereof; The Family and Medical Leave Act of 1993; New York State Human Rights Law; The New York Civil Rights Law; The New York Workers' Compensation Law; New York Labor Law; The New York Minimum Wage Law and all wage orders; New York wage-hour Wage and Wage Payment Laws, including Sections 190 et seq. of the Labor Law; New York City Human Rights Law; any other federal, state or local civil, bias, wage, retaliation, food service, whistleblower, benefits, discrimination, human rights or other local, state or federal law, regulation, ordinance or obligation; any public policy, contract (whether oral or written, express or implied from any source), tort (whether intentional, negligent or otherwise) or common law; any claim for costs, fees, or other expenses including attorneys' fees; and, any claim relating to Defendants.

        **4.**    **Consideration.**

        (a)    In exchange for the promises made herein by Plaintiffs, including the general and unlimited release of all claims each has or may have against Defendants arising up to, and including the date of the execution of, the instant Agreement, Defendants agree to pay the total sum of **Thirty Thousand Dollars ($30,000)** ("the Settlement Sum");

        (b)    From the Settlement Sum Plaintiffs' counsel, Virginia & Ambinder LLP (Employer ID No. ___) and Leeds Brown Law, P.C. (Employer ID No. ____) will be paid **Ten Thousand Dollars ($10,000)** as compensation for attorneys' fees and costs. The remainder

of the Settlement Sum (**Twenty Thousand Dollars $20,000**) shall be apportioned among Plaintiffs in accordance with the Schedule appended hereto as Exhibit "A";

(c)     For tax purposes, 50% of payments to Plaintiffs shall be treated as back wages and subject to Form W-2 reporting and 50% of such payments shall be treated as liquidated damages or prejudgment interest subject to Form 1099 reporting;

(d)     The Settlement Sum shall be paid no later than fourteen (14) days following the Court's "So Ordering" of the Stipulation and Order of Dismissal <u>and</u> Plaintiff Abramovic's provision of signed letters of withdrawal to the New York State Division of Human Rights (NYSDHR) in the form required by NYSDHR.

(e)     The Consideration shall be sent to Plaintiffs' counsel who shall be responsible for distribution of each payment;

(f)     In the event Defendants do not make the payment as identified in this paragraph, this Negotiated Settlement Agreement and all its terms will be deemed null and void and the parties will resume litigation of the case;  and,

(g)     Upon the complete execution of this Negotiated Settlement Agreement the Parties jointly shall submit to the Court a fully-executed Stipulation of Dismissal, and this Negotiated Settlement Agreement, for the Court to approve its terms.  The Parties share the desire that this Negotiated Settlement Agreement be confidential as set forth in Paragraph 13 below, and agree to take all necessary steps to seek its confidential filing with the Court, including an application for *in camera* review and/or filing under seal, as necessary.  If the Court rejects that request, then it shall be filed as the Court may direct.

     5.     <u>**No Other Entitlement.**</u>

(a)     Plaintiffs have neither filed nor caused to be filed any claim against Defendants in any forum, except the instant lawsuit and covenant not to do so;

(b)     Plaintiffs affirm they are not entitled to any monies, relief or recovery whatsoever except as set forth in paragraph "4" of this Agreement and have received all relief to which each may be due; and,

(c)     Plaintiffs further affirm that they have no known workplace injuries or occupational diseases for which a claim for workers' compensation benefits could be made or an award of benefits could be issued and have not been denied any leave requested, whether paid or unpaid, under the Family and Medical Leave Act, or any other law.

6.     **Execution.**   The terms of this Agreement are the product of mutual negotiation and compromise between the Parties.  Plaintiffs are represented by counsel of their choosing and certify that they are satisfied with the advice and services of their counsel, Lloyd R. Ambinder, Esq. and Jeffrey K. Brown, Esq.  The meaning, effect and terms of this Settlement have been fully explained to Plaintiffs by their counsel, Virginia & Ambinder LLP and Leeds Brown Law, P.C.  Plaintiffs affirm that they fully understand that this Agreement settles, bars and waives any and all claims that they could possibly have against Defendants under the Fair Labor Standards Act, the New York Labor Law or any other wage law.

7.     **Non-Admission of Wrongdoing.**   The Parties agree that neither this Agreement nor the furnishing of the consideration provided for herein shall be deemed or construed, at any time or for any purpose, as an admission by Defendants of any liability or unlawful conduct of any kind.

8.     **Severability and Modification.**   Should any provision of this Agreement or the attachments hereto be declared illegal or unenforceable by any court, administrative

7

agency or other entity, the parties authorize the court, administrative agency or other entity to interpret it to be enforceable.   If the provision cannot be so interpreted or modified to be enforceable, such provision immediately shall become null and void, leaving the remainder of this Agreement in full force and effect.  If the general release contained herein were limited or held to be void, the Named Plaintiff and Opt-in Plaintiffs shall execute additional or supplemental general release agreements waiving any and all claims that they may have without receiving additional consideration.  If the Named Plaintiff or Opt-in Plaintiffs refuse to execute additional or supplemental general release agreements, the Named Plaintiff shall return, upon demand by Defendants, the payments made or to be made hereunder.

9.     **Section Headings.**  Section headings are used herein for convenience of reference only and do not affect the meaning of any provision of this Agreement.

10.     **Entire Agreement.**  This Agreement (which incorporates as covenants the representations and clauses in the introductory "Whereas" clause), and includes the terms of the Schedule attached as Exhibit "A" and the Stipulation and Order of Dismissal attached as Exhibit "B," which are incorporated herein, represents the complete understanding between the Parties and shall be interpreted under New York law, without regard to its conflict or choice of laws provisions, to effect a full and general release of all actual or potential claims, whether known or unknown, as set forth herein.  No other promises or agreements shall be binding or shall modify this Agreement.  This Agreement can be modified only by a written document, signed by the Parties or their legally designated representative, which recites the specific intent to modify this Agreement, or as set forth in this Agreement.

11.     **Tax Liability.**  Defendants shall sue the W-4 forms on file.  Plaintiffs shall be required to ensure that all taxes relating to any amounts paid hereunder properly are

8

paid.   In the event that taxes, interest or penalties are due and owing as a result of these payments, excluding Defendants' obligation to pay the employer's portion of taxes owed on the portion agreed to represent back wages in Paragraph 4(c) above, the taxes, interest or penalties shall be the sole obligation and liability of Plaintiffs, who agree to indemnify and hold Defendants harmless for any taxes, interest or penalties incurred by Defendants relating to the payments.   Defendants shall issue Plaintiffs IRS Forms W-2 and 1099 with respect to the payments set forth in Schedule A after the end of the calendar year in which the payments are made.   Defendants shall issue Plaintiffs' counsel an IRS Form 1099 with respect to the payment to Virginia & Ambinder LLP and Leeds Brown Law, P.C. and IRS Forms 1099 to Plaintiffs reflecting their pro rata share of the payment made to Virginia & Ambinder LLP and Leeds Brown, P.C. after the end of the calendar year in which the payment is made.   All tax forms will be sent to Virginia & Ambinder, LLP  for distribution to Plaintiffs.

**12.   Capability to Waive Claims.**   Plaintiffs expressly represent that Plaintiffs are able to affect a knowing and voluntary waiver and general release of claims and to enter into this Agreement.   No one is affected or impaired by illness, use of alcohol, drugs or other substances or otherwise impaired.   Plaintiffs are competent to execute this Agreement and to waive any and all claims they have or may have against Defendants.   Plaintiffs certify that each is not a party to any bankruptcy, lien, creditor-debtor or other proceeding which would impair the right to settle this case and to waive all claims against Defendants.

**13.   Confidentiality.**

(a)   Plaintiffs shall not, except as compelled by law, a court or government entity, publicize or disclose to any person any term of this Agreement.   This covenant of confidentiality includes, but is not limited to, the terms of this Agreement and

9

Plaintiffs' receipt of the payments hereunder.  Other than as required by law or governmental agency, no disclosure will be made to anyone by Plaintiffs other than to discuss the terms hereof with their attorney, spouse, domestic partner or tax advisor (each of whom must first agree not to make any disclosure that Plaintiffs themselves could not make);

(b)     Upon receipt of any inquiry regarding this proceeding, Plaintiffs, or any representative thereof, shall state only that it has been resolved to the satisfaction of the Parties unless otherwise required by law.  This subparagraph shall not apply to disclosures made to the Court for the purpose of obtaining Court approval of the settlement;

(c)     Plaintiffs confirm that, as of this date of execution hereof, they have not told any current or former employee of Defendants, other than a spouse or domestic partner, about the specific terms, conditions or amount paid under this Agreement;

(d)     Plaintiffs also confirm that, as of the date of execution hereof, they have not contacted any department or agency regarding any potential or alleged violations of any law, rule regulation by Defendants, and will not do so in the future since a settlement has been reached;

10

(e)     Plaintiffs understand and agree that violation of this covenant of confidentiality, whether by any Plaintiff or by an individual to whom limited disclosure is authorized pursuant to Paragraph 13(a), shall constitute a material breach of this Agreement, which will cause Defendants to suffer immediate, substantial and irreparable injury and which may be a sufficient basis for an award of injunctive relief and monetary damages (without affecting the remainder of this Agreement). In the event of breach, it is agreed that the violating Plaintiff shall pay to Defendants as liquidated damages, and not in the form of a penalty, an amount equal to **Two Thousand Dollars ($2,000)** or that breaching Plaintiff's recovery under this Agreement (whichever is less), in addition to attorneys' fees and costs incurred by the Defendant for each such breach.

14.    **Neutral Reference.**  Defendants agree that with respect to written inquiries about any Plaintiff by employers or prospective employers addressed to Defendants or any person, organization, or other entity acting on their behalf, they will disclose only that the Plaintiff in question was employed by Defendants, the position(s) he or she held (waiter or waiter/waiter captain), and the dates of his or her employment.

15.    **Return of Property.**  As of the date Plaintiffs execute this Negotiated Settlement Agreement, Plaintiffs affirm that have returned all of Defendants' property in their possession to Defendants' counsel. No property of theirs is on Defendants' premises.

16.    **Procedure.**  After the Negotiated Settlement Agreement and the Stipulation and Order of Dismissal attached hereto as Exhibit "B" fully are executed by the Parties and their counsel, the Parties jointly will submit the Negotiated Settlement Agreement and Stipulation and Order of Dismissal to the Court for the Court's consideration and approval via letter or other means and will seek as to ensure the Negotiated Settlement Agreement remains

confidential and does not become part of the Court's docket. Additionally, Plaintiff Abramovic

shall provide signed letters of withdrawal to the New York State Division of Human Rights

(NYSDHR) in the form required by the NYSDHR within five days of his execution of this

Negotiated Settlement Agreement and shall provide confirmation of same to counsel for

Defendants immediately thereafter.

PLAINTIFFS HAVE TWENTY-ONE (21) TO CONSIDER THIS AGREEMENT
AND MAY REVOKE THIS AGREEMENT FOR A PERIOD OF SEVEN (7) CALENDAR
DAYS FOLLOWING THE DAY EACH SIGNS THIS AGREEMENT. ANY
REVOCATION WITHIN THIS PERIOD MUST BE SUBMITTED, IN WRITING, TO
JOHN J. PORTA, ESQ., JACKSON LEWIS LLP, 58 SOUTH SERVICE ROAD, SUITE
410, MELVILLE, NEW YORK 11797, AND STATE, "I HEREBY REVOKE MY
ACCEPTANCE OF OUR NEGOTIATED SETTLEMENT AGREEMENT AND
GENERAL RELEASE." THE REVOCATION MUST BE PERSONALLY DELIVERED
TO MR. PORTA OR HIS DESIGNEE, OR MAILED TO MR. PORTA AND
POSTMARKED WITHIN SEVEN (7) CALENDAR DAYS AFTER SUCH PLAINTIFF
SIGN THIS AGREEMENT.

HAVING ELECTED TO EXECUTE THIS AGREEMENT AND TO FULFILL
THE PROMISES SET FORTH HEREIN AND TO RECEIVE THEREBY THE
SETTLEMENT SUMS AND OTHER CONSIDERATION IN PARAGRAPH "4" AND
OTHER VOLUNTARY BENEFITS SET FORTH IN THIS AGREEMENT, PLAINTIFFS
FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND
DISCUSSION WITH THEIR ATTORNEY, ENTER INTO THIS AGREEMENT
INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS EACH HAS OR
MIGHT HAVE AGAINST DEFENDANTS.

I AFFIRM THAT THE MEANING, EFFECT AND TERMS OF THIS
SETTLEMENT HAVE BEEN FULLY EXPLAINED TO ME BY MY LEGAL COUNSEL
AND I AGREE TO ALL OF ITS TERMS.

DATED: 6/12 , 2014          By: _____
                                    IVICA ABRAMOVIC

STATE OF NEW YORK     )
                      ) ss.:
COUNTY OF NEW YORK    )

On the 12th day of June in the year 2014, before me, the undersigned
personally appeared Ivica Abramovic, who proved to me on the basis of satisfactory evidence

12

that he is the individual whose name is subscribed to the within instrument and who acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf which the individual acted, executed the instrument.

_____
Signature and Office of Individual
Taking Acknowledgment

ALISON LEE GENOVA
Notary Public, State of New York
No. 02GE6301238
Qualified in Westchester County
Commission Expires April 14, 20__

    I AFFIRM THAT THE MEANING, EFFECT AND TERMS OF THIS SETTLEMENT HAVE BEEN FULLY EXPLAINED TO ME BY MY LEGAL COUNSEL AND I AGREE TO ALL OF ITS TERMS.

DATED: _____, 2014       By: _____
                             PASCUALE PICCIRILLO

STATE OF NEW YORK   )
                     ) ss.:
COUNTY OF NEW YORK )

    On the 13th day of ___June___ in the year 2014, before me, the undersigned personally appeared Pascuale Piccirillo, who proved to me on the basis of satisfactory evidence that he is the individual whose name is subscribed to the within instrument and who acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf which the individual acted, executed the instrument.

_____
Signature and Office of Individual
Taking Acknowledgment

ALISON LEE GENOVA
Notary Public, State of New York
No. 02GE6301238
Qualified in Westchester County
Commission Expires April 14, 20__

    I AFFIRM THAT THE MEANING, EFFECT AND TERMS OF THIS SETTLEMENT HAVE BEEN FULLY EXPLAINED TO ME BY MY LEGAL COUNSL AND I AGREE TO ALL OF ITS TERMS.

DATED: _____, 2014       By: _____
                             MARCELLO PICCIRILLO

STATE OF NEW YORK   )
                     ) ss.:

13

COUNTY OF NEW YORK   )

On the 10 day of _June_ in the year 2014, before me, the undersigned personally appeared Marcello Piccirillo, who proved to me on the basis of satisfactory evidence that he is the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf which the individual acted, executed the instrument.

_____
Signature and Office of Individual
Taking Acknowledgment

> Jack Lee Newhouse
> Notary State of New York
> 02NE6270241
> Qualified in Bronx County
> Commission Expires 10/02/17

I AFFIRM THAT THE MEANING, EFFECT AND TERMS OF THIS SETTLEMENT HAVE BEEN FULLY EXPLAINED TO ME BY MY LEGAL COUNSEL AND I AGREE TO ALL OF ITS TERMS.

Dated: June 24, 2014

By: _____
SILVANO MARCHETTO

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF NEW YORK   )

On the 24 day of _June_ in the year 2014, before me, the undersigned personally appeared Silvano Marchetto, who proved to me on the basis of satisfactory evidence that he is the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf which the individual acted, executed the instrument.

_____
Signature and Office of individual
taking acknowledgment

DA SILVANO CORP.

By: _____

Date: June 24 2014

> LEONARD CECERE
> Notary Public - State of New York
> NO. 01CE4711987
> Qualified in New York County
> My Commission Expires ___ 2014

14

# EXHIBIT A

| Ivica Abramovic | $10,000 |
| Pascuale Piccirillo | $4,000 |
| Marcello Piccirillo | $6,000 |

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x

IVICA ABRAMOVIC, individually and on
behalf of all other persons similarly situated,

                                    Plaintiffs,

                -against-                                    Civil Action No.: 14-CV-676

DA SILVANO CORP., SILVANO
MARCHETTO, and any other related
entities,

                                    Defendants.

------------------------------------------------------x

## STIPULATION AND ORDER OF DISMISSAL

This Court, having considered and inspected the Negotiated Settlement

Agreement between the Parties in the above-captioned action, IT IS HEREBY ORDERED that:

that the Settlement Agreement in this matter having been reviewed by the Court and found to be

fair and reasonable, the above-captioned action shall be and the same hereby is dismissed in its

entirety and with prejudice as to any and all claims.

LLOYD R. AMBINDER, ESQ.                JEFFREY K. BROWN, ESQ.
SUZANNE B. LEEDS, ESQ.                 MICHAEL A. TOMPKINS, ESQ.
VIRGINIA & AMBINDER                    LEEDS BROWN LAW, P.C.
*ATTORNEYS FOR PLAINTIFFS AND*         *ATTORNEYS FOR PLAINTIFFS AND*
*PUTATIVE CLASS*                       *PUTATIVE CLASS*
111 Broadway, 14th Floor               1 Old Country Road
New York, New York 10006               Carle Place, New York 11514
(212) 943-9080                         (516) 873-9550

By: _____                  By: _____
      LLOYD R. AMBINDER, ESQ.                Michael A. Tompkins, Esq.
      Suzanne B. Leeds                       JEFFREY K. BROWN, ESQ.

Dated: 6/16/14                         Dated: 6/16/2014

PAUL J. SIEGEL, ESQ.
JOHN J. PORTA, ESQ.
JACKSON LEWIS, P.C.
*ATTORNEYS FOR DEFENDANTS*
58 South Service Road, Suite 410
Melville, New York  11747
(631) 247-0404

By: _____
        PAUL J. SIEGEL, ESQ.

Dated: _____6/25/14_____


                    SO ORDERED on this _____ day of _____, 2014


                    _____
                         United States District Judge

3

# EXHIBIT C



NEW YORK STATE
# DIVISION OF HUMAN RIGHTS
SHIRLEY CHISHOLM STATE OFFICE BUILDING
55 HANSON PLACE, ROOM 1084
BROOKLYN, NEW YORK 11217

(718) 722-2856
Fax: (718) 722-2869
www.dhr.ny.gov

ANDREW M. CUOMO
GOVERNOR

HELEN DIANE FOSTER
ACTING COMMISSIONER

May 30, 2014

Ivica Abramovic
42-24 Elbertson Street
Elmhurst, New York 11373

  Re: Ivica Abramovic v. Da Silvano Restaurant
   Case No.: 10168827

Dear Ivica Abramovic:

  You recently indicated a desire to withdraw your complaint/charge. In order to initiate such action, please furnish the information below and return in the enclosed envelope.

  Please note that your complaint/charge is currently open with both the New York State Division of Human Rights (SDHR) and the U.S. Equal Employment Opportunity Commission (EEOC). If you wish to withdraw your complaint with both agencies, it will be necessary to so indicate by reviewing this document and signing below. Since a request for withdrawal of a charge filed with the EEOC is subject to the approval of EEOC, your request will be considered and acted upon by that agency when received.

Complainant Name:   Ivica Abramovic

Respondent Name:   Da Silvano Restaurant

SDHR Case No.:   10168827

EEOC Charge No.:   16GB402976

COMPLAINANT WHO WISHES TO WITHDRAW MUST REVIEW, COMPLETE AS NEEDED, AND SIGN BELOW:

  I am aware that the EEOC and the State Division of Human Rights protect my rights to file a complaint/charge. I have been advised that it is unlawful under the New York State

Human Rights Law and the parallel federal law(s), for any person covered by those laws, to threaten, intimidate, or harass me because I have filed a complaint/charge. I have not been forced to request this withdrawal.

      I understand that I may re-file the complaint if the terms of the settlement (if any) are not satisfied, or for any reason if there has been no settlement, where the time elapsed since the alleged discriminatory practice has not exceeded the statutory limitation of one year as set forth in the New York State Human Rights Law.

      I request the withdrawal of my complaint/charge because:

_I HAVE SETTLED my CLAIM_

      By my signature below I assert my wish to withdraw my complaint/charge filed with the New York State Division of Human Rights and EEOC.

SDHR Case No.:    10168827

EEOC Charge No.:    16GB402976

6/12/14
(Date)                  (Client Name)

Send to:

NYS Division of Human Rights
55 Hanson Place, Room 1084
Brooklyn, New York 11217

Enc.: return envelope

| For EEOC Use Only |
| --- |
| ___Approved ___Disapproved |
| Director_____ |
| Date_____ |

cc:    Leeds Morelli & Brown, PC
        One Old Country Road, Suite 347
        Carle Place, NY 11514
        (516) 873-9550

4831-6079-6699, v. 1